IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAWN OLALI, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:25-CV-1602-K-BK |
| | § | |
| AMPEX BRANDS, LLC, | § | |
| DEFENDANT. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* case has been referred to the undersigned United States magistrate judge for pretrial management. Doc. 1. Defendant's *Partial Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6)*, Doc. 19, is before the Court for findings and a recommended disposition. For the reasons detailed herein, the motion should be **GRANTED**.

## I. BACKGROUND

Plaintiff Shawn Olali, proceeding *pro se*, filed his *Original Complaint* on June 23, 2025, asserting employment discrimination claims against his former employer, Defendant Ampex Brands LLC, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq. Doc. 1, *passim*.

Per the *Complaint*, Plaintiff was employed by Defendant as general manager of a Kentucky Fried Chicken ("KFC") franchise in Texas from May 2024 until his termination on June 28, 2024. Doc. 1 at 3. Plaintiff alleges that Defendant engaged in discriminatory hiring and promotion practices and "selective enforcement of employment terms and conditions" and also terminated him based on his race. Doc. 1 at 3-4.

Defendant seeks a partial dismissal under FED. R. CIV. P. 12(b)(6) for failure to state a

claim.  Doc. 19 at 6.  Specifically, Defendant argues that Plaintiff has failed to plead sufficient

facts to demonstrate he exhausted his administrative remedies as to any claim of discrimination

in hiring and promotion practices.  Doc. 19 at 6.  Plaintiff filed a response, Doc. 27, and

Defendant has filed a reply, Doc. 30.

## II. APPLICABLE LAW

### A.  12(b)(6) Motions

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not

contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007).  In making this determination, the court "accepts all well-

pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina*

*Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (cleaned up).  But the court cannot

"accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan*

*Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (cleaned up).  To survive a Rule 12(b)(6)

motion, a plaintiff's factual allegations "must be enough to raise a right to relief above the

speculative level on the assumption that all the allegations in the complaint are true (even if

doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted).  Put

differently, a court must be able to reasonably infer "that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at

556).

When deciding a 12(b)(6) motion, the court "may rely on the complaint, its proper

attachments, documents incorporated into the complaint by reference, and matters of which a

court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763

(5th Cir. 2011) (cleaned up).  Further, the Court must always liberally construe pleadings filed

by *pro se* litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that *pro*

*se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers")

(cleaned up); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").

    B. <u>Title VII Claims</u>

Title VII of the Civil Rights Act of 1964 proscribes an employer's discrimination against

individuals with respect to their "compensation, terms, conditions, or privileges of employment,

because of [their] race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a).  Before

a Title VII action can be commenced in federal court, however, a claimant must exhaust their

administrative remedies prior to filing suit by filing a charge of discrimination with the Equal

Employment Opportunity Commission ("EEOC") within 300 days of the alleged discriminatory

acts, after which the EEOC issues claimant a "right to sue" notice.  *Taylor v. Books A Million,*

*Inc.*, 296 F.3d 376, 379 (5th Cir. 2002).  Any ensuing civil action must be filed within 90 days of

the right-to-sue notice.  42 U.S.C. § 2000e-5(f)(1).  This exhaustion requirement is a mandatory

procedural rule, "not a jurisdictional prescription delineating the adjudicatory authority of

courts."  *Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541, 551 (2019).

Generally, an employee cannot base a Title VII claim on an employer's adverse action

"that was not previously asserted in a formal charge of discrimination to the EEOC, or that could

not 'reasonably be expected to grow out of the charge of discrimination.'"  *Filer v. Donley*, 690

F.3d 643, 647 (5th Cir. 2012) (quoting *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006)).  A

claim only grows out of the charge if it "placed the employer on notice of the claims against

them."  *Haferbier v. IMER USA*, 2024 WL 3094616, at *3 (N.D. Tex. June 20, 2024) (Pittman,

J.) (citing *Manning v. Chevron Chem Co., LLC*, 332 F.3d 874, 879 (5th Cir. 2003)).  Failure to

hire and promote are considered "discrete act[s]" that requires exhaustion of remedies. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) ("Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'").

## III. ANALYSIS

In his EEOC charge, Plaintiff alleged only that Defendant fired him because he is African American and of Kenyan descent and that Hispanic and Latin employees were not held to the same high standards of employment. Doc. 19-1 at 3. Importantly, however, Plaintiff's EEOC charge did not allege that Plaintiff was not hired or promoted based on his race or national origin. And while Plaintiff's factual allegation in his Complaint includes allegations of "discriminatory hiring or promotional practices that disparately target persons on the basis of a protected class," Doc. 3 at 4, no such allegations were included in his EEOC charge, nor could they "reasonably be expected to grow out of the [ ] charge, such that the charge placed the employer on notice of the claims against them." *Haferbier v. IMER USA*, 2024 WL 3094616, at *3.

Thus, as Defendant correctly contends, Plaintiff failed to exhaust his administrative remedies with respect to the discriminatory hiring and promotional practices claims asserted in his Complaint. *See id.* at *2 (finding that plaintiff did not exhaust his administrative remedies for his hostile work environment claim when the "two discrete acts" alleged in his EEOC charge— that (1) his bonus was withheld and (2) he was terminated and replaced by a much younger employee—"do not even hint at the work environment's conditions"); *Johnson v. MBNA Hallmark Info. Servs., Inc.*, 2003 WL 21418670, at *2 (N.D. Tex. June 16, 2003) (Kinkeade, J.) (finding that "[n]othing in [plaintiff's EEOC] charge would put either the EEOC or [the

employer] on notice that [plaintiff] had claims for discrimination in hiring practices. . .” when there was merely one allegation in his EEOC charge alleging discrimination based on race and gender for failing to promote him).

Ordinarily, a dismissal for failure to exhaust administrative remedies is without prejudice to the plaintiff's right to return to court after exhausting the required administrative remedies. *Kojin v. Barton Protective Servs.*, 339 F. Supp. 2d 923, n.5 (S.D. Tex. 2004). However, when the time has already passed for filing a charge of discrimination based on the conduct alleged, dismissal with prejudice is appropriate. *See Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) (dismissal with prejudice is warranted when administrative relief is time-barred or otherwise precluded). Here, Plaintiff alleges that he was terminated on June 14, 2024. Doc. 3 at 3. Thus, any denied hiring or promotion must have occurred before this termination date, which is more than 300 days ago. Thus, because Plaintiff is time-barred from exhausting his administrative remedies as to his failure to hire or promote claims, these claims should be dismissed with prejudice. [1]

## IV. PLAINTIFF'S IMPROPER CITATION TO NONEXISTENT AND LIKELY AI-GENERATED AUTHORITY

The Court's review of Plaintiff's filings reveals that he has cited multiple nonexistent or "hallucinated" legal cases, indicative of reliance on Artificial Intelligence (AI) or other Large Language Models to prepare his filings. For example, in his initial complaint, Plaintiff cites *EEOC v. Gulf States paper Corp.*, 221 F. Supp. 2d 1209 (S.D. Ala. 2002), which does not appear

---

[1] Defendant also contends that Plaintiff has failed to follow FED. R. CIV. P. 10(b) in his Answers to the Magistrate Judge's Questionnaire and requests that the Court order Plaintiff to replead his Complaint to incorporate the allegations in his Answers. Doc. 19 at 6. And while that might be preferrable, it is not required. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). (*pro se* plaintiff's answers to questions posed by the Court constitute an amendment to his complaint).

to exist.  *See* Doc. 3 at 14.  Other examples of similarly problematic citations include: *EEOC v. State of Texas, Dep't of Human Services*, 878 F.2d 387 (D.C. Cir. 1989), Doc. 3 at 14, and *EEOC v. Exxon Shipping Co.*, 745 F. Supp. 474 (D. N.J. 1990), Doc. 3 at 16.  Plaintiff has also used quotes that are incorrectly cited to real cases, such as *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253 (5th Cir. 2009).  Doc. 3 at 14.  Other examples include *Henry v. Lennox Indus., Inc.*, 768 F.2d 746 (6th Cir. 1985), Doc. 3 at 14, and *Hodgens v. General Dynamics Corp.*, 144 F.3d 151 (1st Cir. 1998), Doc. 3 at 14.

"It is no secret that generative AI programs are known to 'hallucinate' nonexistent cases, and with the advent of AI, courts have seen a rash of cases in which both counsel and *pro se* litigants have cited such fake, hallucinated cases in their briefs." *Sanders v. United States*, 176 Fed. Cl. 163, 169 (2025) (cited source omitted); *see also Boggess v. Chamness*, No. 6:25-cv-64-JDK-JDL, 2025 WL 978992, at *1 (E.D. Tex. Apr. 1, 2025) (Kernodle, J.) ("Plaintiff's citation to a hallucinatory case was likely generated via artificial intelligence and violates this Court's Local Rule CV-11(g), which makes clear that 'generative artificial intelligence tools may produce factual and legal inaccuracies and reminds attorneys that they must verify the information that they submit to the court.'") (quoting *Gauthier v. Goodyear Tire & Rubber Co.*, No. 1:23-CV-281, 2024 WL 4882651, at *2 (E.D. Tex. Nov. 25, 2024) (Crone, J.)).

Here, the Court's local civil rules require litigants to disclose the use of Generative AI:

1. A brief prepared using generative artificial intelligence must disclose this fact on the first page under the heading "Use of Generative Artificial Intelligence." If the presiding judge so directs, the party filing the brief must disclose the specific parts prepared using generative artificial intelligence.

2. "Generative Artificial Intelligence" means a computer tool (whether referred to as "Generative Artificial Intelligence" or by another name) that is capable of generating new content (such as images and text) in

> response to a submitted prompt (such as a query) by learning from a large reference database of examples.
>
> 3. A party who files a brief that does not contain the disclosure required by subsection (f)(1) of this rule certifies that no part of the brief was prepared using generative artificial intelligence.

N.D. TEX. LOC. CIV. R. 7.2(f)(1)-(3).  While this rule does not forbid the use of tools like Generative AI, it requires that parties disclose such use, which Plaintiff failed to do.

Further, such conduct violates Federal Rule of Civil Procedure 11.  *See* FED. R. CIV. P. 11(b)(2) ("By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that . . . the claims, defenses, and other legal contentions are warranted by existing law. . .").  Under Rule 11, all parties, including *pro se* litigants, must "confirm the existence and validity of, the legal authorities on which they rely."  *Park v. Kim,* 91 F.4th 610, 615 (2d Cir. 2024).  This is because "the central purpose of Rule 11 is to deter baseless filings in district court."  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

Plaintiff's filings—built on AI-generated cases that stand for legal propositions in direct contravention of actual case law—are "the epitome of baseless."  *Willis v. U.S. Bank Nat'l Ass'n as Tr., Igloo Series Tr.*, No. 3:25-CV-516-BN, 2025 WL 1224273, at *3 (N.D. Tex. Apr. 28, 2025) (Horan, J.) (citing *Sanders*, 176 Fed. Cl. at 168).  And while courts afford *pro se* litigants' considerable leeway, that does not relieve them of their obligation under Rule 11 to confirm the validity of all cited legal authority.  *Sanders*, 176 Fed. Cl. at 169; *cf. id.* ("Beyond the waste of resources and the violation of her Rule 11 obligations, Plaintiff's unquestioning reliance on AI hindered her own ability to effectively represent herself.  Misled by the fake

cases, Plaintiff cost herself an opportunity to make the best possible arguments in support of her claim for relief.").

## V. CONCLUSION

For the foregoing reasons, Defendant's *Partial Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6)*, Doc. 19, should be **GRANTED IN PART**, to the extent that Plaintiff discriminatory hiring and promotion practices claims be **DISMISSED WITH PREJUDICE** for failure to exhaust administrative remedies.

Further, Plaintiff should be admonished that any further failure to comply with the notice requirements set out in Local Civil Rule 7.2(f)(1)-(3) or filing of pleadings with citations to nonexistent cases, in violation of FED. R. CIV. P. 11, may result in the imposition of sanctions, including the striking of filings, the imposition of filing restrictions and monetary penalties, or the Fed. dismissal of this civil action.

**SO RECOMMENDED** on January 23, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).